ORDER
Research Automation, Inc. (“RAI”) sued Schrader-Bridgeport International, Inc. (“SBI”) in Illinois state court for breach of contract. SBI then filed a mirror-image suit against RAI in Virginia state court. After both cases were removed to their respective federal district courts, RAI filed a motion in the Illinois district court to enjoin SBI from prosecuting its suit in Virginia. SBI then moved in the Illinois action to transfer the case to the Virginia district court pursuant to 28 U.S.C. § 1404(a). After the Illinois district court denied the requested injunction and granted the motion to transfer, RAI filed an interlocutory appeal with this court challenging the district court’s decision, which we denied based on a lack of jurisdiction to hear appeals arising from § 1404(a) transfer orders. RAI now petitions for a panel rehearing.
*683 Per 28 U.S.C. § 1292(a)(1), we have jurisdiction over the district court’s denial of the preliminary injunction, and because the district court’s decision to transfer the case is inextricably intertwined with the denial of the injunction, we will exercise pendent jurisdiction over the district court’s order transferring the case to Virginia as well. Accordingly, we vacate our previous order.
I. BACKGROUND
On February 6, 2009, RAI filed suit in Illinois state court against SBI, alleging that SBI breached a contract with RAI. On February 23, 2009, SBI filed its own suit against RAI in Virginia state court alleging a breach of the same agreement.[1] Each case was subsequently removed to federal court on the basis of diversity jurisdiction: SBI removed the Illinois suit to the United States District Court for the Northern District of Illinois on February 27, 2009, and RAI removed the Virginia action to the United States District Court for the Western District of Virginia on March 23, 2009. On March 24, 2009, one day after removing the Virginia action, RAI filed a motion in Illinois to enjoin SBI from prosecuting its action in Virginia. Two days later, on March 26, 2009, SBI moved to transfer the case to the Virginia court pursuant to 28 U.S.C. § 1404(a).[2] On April 27, 2009, the Illinois court, in a single order, both denied RAI’s motion for an injunction and granted SBI’s motion to transfer. RAI appealed that decision, and we asked RAI to submit a jurisdictional statement. On September 9, 2009, we entered an order dismissing the appeal for lack of jurisdiction, relying on Hill v. Potter, 352 F.3d 1142, 1144 (7th Cir.2003), which held that appellate courts generally lack jurisdiction to hear appeals stemming from orders transferring a case to another federal district court pursuant § 1404(a). RAI now petitions for a panel rehearing, alleging that the denial of its motion for an injunction is appealable under 28 U.S.C. § 1292(a)(1), and maintaining that we should review the § 1404(a) transfer decision as well under principles of pendent jurisdiction.
II. ANALYSIS
Under 28 U.S.C. § 1292(a)(1), we have jurisdiction to hear appeals from “interlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions.” The statute is “decently plain: all interlocutory orders denying injunctions are appealable.” Holmes v. Fisher, 854 F.2d 229, 231 (7th Cir.1988). The district court’s order analyzed and expressly denied RAI’s request for an injunction, and we therefore have jurisdiction to hear an appeal of that denial per 28 U.S.C. § 1292(a)(1).
SBI agrees that the order denied RAI’s motion for injunction, but argues that the true substance and effect of the order was to grant SBI’s motion to transfer venue, which is unreviewable. SBI’s argument is foreclosed by the language of the jurisdiction statute.[3] While it is true that the *684 district court accurately viewed the analysis of the injunction motion and the transfer motion as interdependent, the fact of the matter is that it reviewed and ruled on the injunction request, giving rise to jurisdiction over that ruling under the plain language of § 1292(a)(1).[4]
Having found jurisdiction over the injunction ruling, the issue becomes whether or not we should exercise jurisdiction over the § 1404(a) transfer ruling as well. Generally, a decision by a district court regarding a § 1404(a) transfer motion is a non-reviewable interlocutory order. Hill, 352 F.3d at 1144. The doctrine of pendent appellate jurisdiction, however, permits us to review an otherwise unappealable interlocutory order if it is “inextricably intertwined with an appealable one.” Montano v. City of Chicago, 375 F.3d 593, 599 (7th Cir.2006) (quoting Jones v. InfoCure Corp., 310 F.3d 529, 536 (7th Cir.2002)). Here, the injunction and transfer rulings in the district court’s order are inextricably intertwined. Both RAI’s motion for an injunction and the district court’s transfer order concern the same sole issue: whether or not this case should be litigated in Virginia. This presents a situation in which we therefore deem it prudent to exercise pendent appellate jurisdiction over the § 1404(a) transfer order.
SBI cites Jones, where we declined to exercise pendent jurisdiction over a § 1404(a) transfer order after finding appellate jurisdiction over an order denying a preliminary injunction. 310 F.3d at 537. Jones was an entirely different situation, however. There, the preliminary injunction and transfer orders involved “quite distinct” issues that could be “resolved without reference to each other.” Id. Here, in contrast, the issues in the injunction and transfer completely overlap and cannot be resolved independently.[5] Because the two orders in this case are “inextricably intertwined” we will invoke the discretionary doctrine of pendent appellate jurisdiction and exercise jurisdiction over the § 1404(a) transfer order. See id. at 536; see also Greenwell v. Aztar Indiana Gaming Corp., 268 F.3d 486, 491 (7th Cir.2001).
In so doing, however, we are mindful of the concern in Jones that “[i]t would be quite inappropriate for us to open the door to an end-run around ... jurisdictional limitations for every case in which a ruling on injunctive relief is subject to interlocutory review.” 310 F.3d at 537. This case, however, presents a situation in which an exercise of pendent jurisdiction is prudent. *685 We note that in this case RAI sought to enjoin the Virginia action before SBI sought a transfer. While that fact does not necessarily establish the bona fides of RAI’s motion, this does not appear to be a situation where a party simply filed an injunction in a naked attempt to obtain appellate review of a transfer decision via § 1292(a)(1).[6] Given the current posture of the Illinois and Virginia actions, were we to instead decline jurisdiction over the transfer ruling and only review the injunction denial, a potentially bizarre outcome could result.
III. CONCLUSION
We Vaoate our previous order dismissing this appeal for lack of jurisdiction. We find that we have jurisdiction under § 1292(a)(1) to hear an appeal regarding RAI’s request for a preliminary injunction and choose to exercise pendent jurisdiction to hear its appeal regarding the § 1404(a) motion to transfer venue to the Virginia district court. The parties are instructed to submit briefs as to these two issues according to the following schedule: appellant’s brief by April 5, 2010; appellee’s brief by May 5, 2010; and appellant’s reply brief by May 19, 2010.

. The parties agree that these suits are mirror images of each other, with the exception that the federal Virginia action also names Paschal Associates, Inc. as a defendant.

. 28 U.S.C. § 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

. This case is unlike Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir.1999), where the court found that it lacked appellate jurisdiction because of the district court’s insistence that the "transfer is really the basis of everything.” The Missouri court was confronted with a situation where "[ajlthough the court's written order recited that the State’s request for a preliminary injunction was denied, it contained no findings *684 of fact and conclusions of law supporting the denial of an injunction.” Id. Here, in contrast, the district court engaged in a full legal and factual analysis of RAI’s motion for preliminary injunction request before even turning to SBI's transfer motion.

. We note the Eighth Circuit's observation that Congress would have to modify the language of § 1292(a)(1) if it wanted to "eliminate [jurisdiction over] injunctions relating to prosecution of lawsuits in transfer situations.” Emerson Elec. Co. v. Black and Decker Mfg. Co., 606 F.2d 234, 237 n. 7 (8th Cir.1979).

. Other circuits have similarly found that pendent jurisdiction over a § 1404(a) transfer motion is warranted when the transfer and preliminary injunction orders are sufficiently closely related. See Harvey Specialty & Supply, Inc. v. Anson Flowline Equip., Inc., 434 F.3d 320, 325 (5th Cir.2005) ("If the requested injunction is to prevent the opposing party from litigating in a particular forum, an order transferring the action to that forum is immediately appealable because it has the effect of denying the injunction”); Midwest Motor Express, Inc. v. Central States Southeast & Southwest Areas Pension Fund, 70 F.3d 1014, 1016 (8th Cir.1995) (review of transfer order available when the transfer order and the denial of the injunction are "inextricably bound up with each other”); Ukiah Adventist Hosp. v. F.T.C., 981 F.2d 543, 548 (D.C.Cir.1992); Lou v. Belzberg, 834 F.2d 730, 733 (9th Cir.1987).

. In such situations, an appellate court might well decline to reward an appellant’s attempt at an "end-run" effort to obtain review of a § 1404(a) order by declining jurisdiction.